UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE LOVE, | No. 2:20-cv-0007 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| PATRICK COVELLO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  On May 28, 2020, respondent filed a motion to dismiss the petition.  ECF No. 14.  On July 14, 2020, respondent notified the court that the motion to dismiss was re-served on petitioner after counsel discovered that the motion had been returned by the postal service.  ECF No. 15.  Petitioner was then given thirty days from the re-service of the motion to file his response.  ECF No. 16.  The time for responding to the petition has now passed and petitioner has not opposed respondent's motion, though he has filed a motion requesting an evidentiary hearing on equitable tolling and appointment of counsel, which indicates that he opposes the motion to dismiss.  ECF No. 18.

There currently exists no absolute right to appointment of counsel in habeas proceedings.  Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so

1

require." Petitioner has not demonstrated that extraordinary circumstances exist warranting the appointment of counsel and the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

If petitioner seeks to claim that he is entitled to equitable tolling of the statute of limitations, as he indicates in his motion for counsel, he must file an opposition to the motion to dismiss that alleges specific facts in support of equitable tolling, including the type of impairment he suffered that he claims entitles him to equitable tolling and the dates during which he was impaired. The court will determine whether an evidentiary hearing regarding equitable tolling is necessary at the time it evaluates the motion to dismiss; there is no need for a separate request from petitioner. The information that petitioner has provided thus far supports neither appointment of counsel nor an evidentiary hearing, however. The motion for an evidentiary hearing will therefore be denied without prejudice at this time.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an evidentiary hearing and appointment of counsel (ECF No. 18) is DENIED without prejudice.

2. Within twenty-one days after the filing date of this order, plaintiff shall file and serve an opposition or statement of non-opposition to the pending motion to dismiss. Failure to comply with this order will result in the dismissal without prejudice of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED: December 14, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE